UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTOINETTE C. SELLERS | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-cv-14938 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| MARTIN O'MALLEY, | ) | |
| Acting Commissioner of Social Security | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antoinette Sellers brings this suit against Defendant, Martin O'Malley, Commissioner of Social Security (the "Commissioner"), alleging that the Social Security Administration (the "Agency") has not paid out all funds to which she is entitled. The Commissioner moves to dismiss Seller's complaint under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rules 12(d) and 56. The Court considered briefing, limited oral argument, and additional documented evidence. For the following reasons, the motion to dismiss is granted for lack of jurisdiction.

**Background**

The Social Security Act (the "Act") provides for disability benefits under two programs, known by their statutory headings as Title II and Title XVI. Under Title II, Disability Insurance Benefits ("DIB") are available to insured individuals irrespective of financial need. Title XVI provides Supplemental Security Income ("SSI") benefits to financially needy individuals regardless of insured status. Both have medical and nonmedical eligibility requirements. The medical eligibility requirements are the same for both programs. 42 U.S.C. §§ 423(d)(5), 1382c(a)(3)(H).

Plaintiff applied for reconsideration of her DIB and SSI in January 2022 alleging an onset date of April 21, 2019. The Agency issued a determination in July 2023 finding that Plaintiff met the

medical eligibility requirements as of April 21, 2019. After determining Plaintiff's medical eligibility, the Agency then determined that Plaintiff satisfied the nonmedical eligibility requirements of Title II and was entitled to receive DIB dating back to January 2021, which was 12 months prior to her January 2022 application date. The Agency also advised Plaintiff that her past due DIB – which amounted to $1,711.50 per month in 2021, $1,812.40 per month in 2022, and $1,970 per month in 2023 – would exceed the SSI income eligibility limits and she would not be eligible to receive any additional past due amounts even if she otherwise met the nonmedical requirements for SSI. As a result, Plaintiff did not pursue her SSI claim to allow her past due DIB to be released to her as soon as possible.

The Agency sent Plaintiff a Notice of Award ("Notice") in October 2023, informing Plaintiff she would receive a payment of $58,295 in past due DIB for the period from January 2021 to August 2023. The Notice also informed Plaintiff that if she did not agree with the decision, she had 60 days to ask for an appeal. Plaintiff did not appeal this decision. The Agency paid $58,295.00 in past due DIB to Plaintiff via check for January 2021 through August 2023, and Plaintiff deposited those payments. The Agency also began monthly DIB payments in September 2023. These payments are still currently being paid. The Agency paid Plaintiff monthly DIB in the amount of $1,970.00 in September, October, and November 2023.[1]

Plaintiff became entitled to Medicare Part A (hospital insurance) and Part B (medical insurance) when she became entitled to disability benefits. On October 3, 2023, Agency informed Plaintiff that Medicare Part B premiums are generally withheld from disability benefits payments and

---

[1] Although Plaintiff was entitled to a benefit payment in the amount of $1,970.00 in December 2023, the U.S. Department of Treasury applied $295.50 of that payment to a delinquent debt owed by Plaintiff to the Missouri Department of Social Services. Although Plaintiff was entitled to benefit payments in the amount of $2,033.00 in January, February, and March 2024, the U.S. Department of Treasury applied $304.95 of the January payment and $76.47 of the February payment, but none of the March payment, to that same delinquent debt.

that Agency would withhold the premiums from her benefits payments. However, the State of Indiana began paying Plaintiff's Medicare medical insurance premium beginning May 2023. Accordingly, no Medicare medical insurance premiums were withheld from Plaintiff's past due benefits payments or monthly benefits payments.

On March 5, 2024, the Agency moved to dismiss Plaintiff's lawsuit. After the parties presented their arguments in support of their positions in writing, this Court held a hearing and heard oral arguments on July 15, 2024. During this hearing, Plaintiff claimed that her issue is not that her benefits were insufficient. Rather Plaintiff alleged that she waived her Medicare B benefits, but was still charged the entire portion for Medicare B. Plaintiff claims that she was denied the waiver for Medicare B. The Agency explained that the State of Indiana recently stopped paying for Medicare B benefits. It is unclear whether or not Plaintiff responded to this change within the required timeframe, but it is undisputed that the Medicare B allegations occurred after the motion to dismiss was filed. Further, these allegations were not a part of Plaintiff's initial complaint.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) asks the court to dismiss an action over which it allegedly lacks subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.,* 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn–Chem, Inc. v. Agrium, Inc.,* 683 F.3d 845 (7th Cir. 2012). All reasonable inferences are drawn in favor of the plaintiff, and all well-pleaded allegations are accepted as true. *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir. 1999). Finally, when considering a Rule 12(b)(1) motion to dismiss, the court may look beyond the allegations of the complaint and may consider other submitted evidence. *See Johnson v. Apna Ghar, Inc.,* 330 F.3d 999, 1001 (7th Cir. 2003) (quoting *id.*)

**Discussion**

Although the Agency moves to dismiss under Federal Rule 12(b)(6) for failure to state a claim, a review under Federal Rule 12(b)(1) for lack of jurisdiction is more appropriate. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *State of Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Federal Rule of Civil Procedure 12(b)(1) requires dismissal of claims over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a complaint seeks to invoke the district court's jurisdiction under 42 U.S.C. § 405(g), the Court must dismiss the complaint under Rule 12(b)(1) if the plaintiff has failed to exhaust administrative remedies as required by the Social Security Act. *Martin v. Shalala*, 63 F.3d 497, 502 (7th Cir. 1995).

Under Section 405(h) of the Social Security Act, "No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter [Title II of the Social Security Act]." 42 U.S.C. § 405(h). The Supreme Court has held that, "this provision bars district court federal-question jurisdiction over suits, such as this one, which seek to recover Social Security benefits." *Weinberger v. Salfi*, 422 U.S. 749, 756-57 (1975). The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite." *Mathews v. Eldridge*, 424 U.S. 319, 327 (1976). Because Plaintiff proceeds *pro se* in this action, the Court will liberally construe her pleading and evaluate potential relief pursuant to 42 U.S.C. § 405(g). *See, e.g., Alvarado v. Litscher,* 267 F.3d 648, 651 (7th Cir. 2001).

The Social Security Act provides for judicial review of "any final decision ... made after a hearing." 42 U.S.C. § 405(g). This provision requires the claimant to exhaust her administrative remedies prior to filing suit for judicial review. *Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019). The applicable regulations outline a four-step process that a claimant must proceed through in order to obtain a judicially-reviewable final decision: initial determination, reconsideration, hearing before an

4

Administrative Law Judge ("ALJ"), and review by the Appeals Council. 20 C.F.R. § 404.900(a). The Appeals Council may grant the request for review and issue its own decision, or it may deny the request for review and allow the ALJ's decision to stand. *See* 20 C.F.R. § 404.981. It is only after the Appeals Council has taken one of these two actions that the claimant has a "final decision" entitling him to seek judicial review in federal district court. *Id.; see also* 20 C.F.R. §§ 404.900(a)(1-5), 422.210; *Smith*, 139 S. Ct. at 1772.

Here, Plaintiff has no standing to challenge the Agency's determination as to her benefits because she did not exhaust her administrative remedies. On October 3, 2023, the Agency issued a Notice indicating that plaintiff was entitled to DIB payments beginning in January 2021. The Notice advised Plaintiff that she would receive a check for $58,295.00, which was the amount of money due to Plaintiff through August 2023. The Notice also advised Plaintiff that she would begin receiving monthly payments of $1,970.00. Finally, the Notice advised Plaintiff that, if she did not agree with the decision, she had 60 days to ask for an appeal, but she did not do so. The Notice was an initial determination and, because it was not appealed, became binding and is not subject to judicial review. 20 C.F.R. § 404.902(a), (c); See 20 C.F.R. § 416.1405, 416.1421, 416.1455. Therefore, Plaintiff failed to exhaust her administrative remedies.

District courts reviewing Social Security benefit decisions by the Commissioner perform an appellate function. In such cases, plaintiffs in such cases must possess the same standing required of a litigant who appeals to a federal appellate court. *See, e.g., Primeco Personal Communications v. City of Mequon,* 242 F.Supp.2d 567, 574 (E.D.Wis.) (citing 42 U.S.C. § 405(g)), *aff'd,* 352 F.3d 1147 (7th Cir.2003); *see also Deposit Guaranty Nat. Bank, Jackson, Miss. v. Roper,* 445 U.S. 326, 333, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ("A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.") (citations omitted). Here, as to her DIB benefits, on July 7, 2023, the agency issued a fully favorable decision on reconsideration of Plaintiff's

5

medical eligibility under the Act finding that Plaintiff was medically disabled as of August 2019. Further, Plaintiff did not pursue her claims as to her SSI benefits. Thus, Plaintiff fully prevailed on the question of medical eligibility and has no statutory standing to appeal.

Ordinarily, the failure to exhaust one's generally applicable administrative remedies may be excused by the court if: "(1) [t]he claim ... [is] collateral to a demand for benefits; (2) exhaustion of the administrative process would be futile; and (3) the plaintiff would suffer irreparable harm if required to move through the administrative procedure before obtaining relief." *Martin v. Shalala*, 63 F.3d 497, 504 (7th Cir. 1995). Here, Plaintiff cannot satisfy the second or their elements because she received all relief which she initially sought. Thus, the Court declines to excuse Plaintiff's failure to exhaust her administrative remedied.

Finally, Plaintiff newly alleged her core concern is that that she waived her Medicare B benefits, but is still charged the entire portion for Medicare B. The Agency explained that the State of Indiana recently stopped paying for Medicare B benefits and that this change occurred after the Agency's motion to dismiss was filed. Because these allegations were raised after the motion to dismiss was filed, the Court need not consider the arguments in this litigation.

**Conclusion**

Plaintiff lacks standing to appeal her benefits determination. Accordingly, the Agency's motion to dismiss [26] is granted with prejudice. Further, Plaintiff's outstanding motions [4][5][10][12][13][15][16][17][20][24][39][40][44] are stricken as moot.

**IT IS SO ORDERED.**

Date: 7/26/2024                                                Entered:

                                                               _____
                                                               SHARON JOHNSON COLEMAN
                                                               United States District Judge